Lyman vs. City of Green Bay.

LYMAN, Respondent, vs. CITY OF GREEN BAY, Appellant.

*November 11 — November 26, 1895.*

*Municipal corporations: Injury from defective sidewalk: Notice of defect: Time for repair: Special verdict: Instructions to jury.*

1. In an action against a city for injuries caused by a defective sidewalk there was a special verdict finding, among other things, that defendant had actual knowledge or notice of the defect prior to the accident. It appeared that the defect was such that it might readily have been repaired. *Held,* that the verdict was not defective in failing to find that defendant knew of the defect in the walk in time to have repaired it before the accident, especially as the defendant did not request the submission of any question upon that point, and the several questions submitted were, in effect, the same as those requested by it.

2. A charge in such case that the duty resting upon the city officials to discover the defect was greater than the duty resting upon the ordinary observer, was not erroneous, the court having further charged that the defendant was not liable for latent or hidden defects unless it knew of them or, in the exercise of reasonable care and diligence, should have known.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

This is an action to recover damages sustained by the plaintiff, July 2, 1893, while walking on the sidewalk on the north side of Cherry street, in the defendant city, by reason of an alleged defective sidewalk. The complaint is in the usual form. The answer consists of admissions and denials.

At the close of the trial the jury returned a special verdict to the effect (1) that there was an insufficiency or want of repair in the sidewalk in question, which caused or contributed to the plaintiff's fall and injury; (2) that the city authorities, prior to the accident, had actual knowledge or notice of such insufficiency or want of repair; (3) that such insufficiency or want of repair was of such a nature that it

was apparent to ordinary observers passing over the sidewalk; (4) that such insufficiency or want of repair was of such a nature and had existed for such a length of time that the city authorities, in the exercise of ordinary care and diligence, should have discovered it before the accident; (5) that the plaintiff was not guilty of any want of ordinary care which contributed to her injury; (6) that the plaintiff sustained damages in consequence of the accident to the amount of $1,200. From the judgment entered in favor of the plaintiff on said special verdict for such damages and costs, the defendant appeals.

For the appellant there was a brief by *Ellis & Merrill*, counsel, and oral argument by *E. H. Ellis*.

For the respondent there was a brief by *Wigman & Martin*, and oral argument by *P. H. Martin*.

CASSODAY, C. J. The defect in the sidewalk mentioned in the verdict consisted of a loose plank, with an open space beneath it, and lying upon stringers in such a way that when the lady who was at the time of the injury walking with the plaintiff stepped upon one end of the plank the other end flew up and tripped the plaintiff, so that she fell and was badly injured. The verdict, to the effect that the sidewalk, at the time and place in question, was insufficient and out of repair, and that the defendant, prior to the accident, had actual knowledge or notice of the same, seems to be supported by the evidence. Counsel contend, however, that the verdict is defective because it does not, in express terms, find that the defendant had possessed such knowledge or notice for a sufficient length of time to repair the same prior to the accident. The defect was of such a nature that it might have been readily repaired. It appears from the verdict, at least inferentially, that the defendant knew of the defect in time to have repaired it prior to the injury. Especially should this be so held, since the defendant requested the sub-

mission of no question of the character indicated, and the several questions submitted to the jury were, in effect, the same as those requested by the defendant.

There was no error in charging the jury to the effect that the duty resting upon the city officials to discover the defect was greater than the duty resting upon the ordinary observer. The court charged the jury that the defendant was not liable for latent or hidden defects unless it knew of them, or, in the exercise of reasonable care and diligence, should have known. The case is very simple, and the charge is full and fair.

There is nothing calling for further consideration.

*By the Court.*— The judgment of the circuit court is affirmed.